

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-26-2007

# Bowen v. Ryan

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5017

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Bowen v. Ryan" (2007). *2007 Decisions*. Paper 371.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/371

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5017
_____

JOSEPH BOWEN,
                                        Appellant
vs.

JOSEPH RYAN; JOHN STEPANIK; KENNETH D. KYLER; FREDERICK K. FRANK;
A. S. WILLIAMSON; G. N. PATRICK; C. R. MYERS; FRANK D. GILLIS;
R. E. JOHNSON; B. L. LANE; J. PIAZZA; JEFFREY A. BEARD; DAVID T. OWENS;
RAYMOND CLAIMER; JOSEPH LEHMAN; MARTIN F. HORN
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-01512)
District Judge: Honorable James M. Munley
_____

Submitted Under Third Circuit LAR 34.1(a)
September 21, 2007
BEFORE:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>

Filed: September 26, 2007
_____

OPINION
_____

PER CURIAM.

        Joseph Bowen, acting pro se, appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing his complaint under Fed. R. Civ.

P. 12(b)(6).

Bowen is an inmate currently confined at the State Correctional Institution at Coal Township, Pennsylvania. He has been held in Administrative Custody there and at other state institutions since October of 1984. Shortly after being confined in Administrative Custody, Bowen was placed on the Restricted Release List by the Secretary of the Department of Corrections. While Bowen remained entitled to periodic review of his confinement status and eligible for release into the general population, being on the Restricted Release List entailed some additional procedural barriers to reclassification. Until 2004, the Prison Review Committee ("PRC"), which assessed Bowen's status every 90 days, had the authority to release him from Administrative Custody. Since May of 2004, however, the PRC has been empowered only to recommend release to the Secretary or his designee, who retain the power to authorize Bowen's return to general population.

Bowen brought this suit under 42 U.S.C. § 1983, alleging that placement on the Restricted Release List without notice and an opportunity to be heard violated his due process rights. He also claimed that his extended confinement in Administrative Custody amounts to cruel and unusual punishment, and that the 2004 changes to the review procedures violated both his due process rights and Pennsylvania's Commonwealth Documents Law. The District Court overruled Bowen's objections and adopted the Magistrate Judge's Report and Recommendation that the Complaint be dismissed under Fed. R. Civ. P. 12(b)(6). The Court denied as moot Bowen's request for appointment of counsel.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, and undertake

plenary review of the District Court's dismissal under Rule 12(b)(6), accepting as true all factual allegations in the complaint and viewing them in the light most favorable to the non-moving party. See AT&T Corp. v. JMC Telecom, LLC, 470 F.3d 525, 529 (3d Cir. 2006). The decision to deny counsel is reviewed for abuse of discretion. See Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997).

Appellant's claim that he was placed on the Restricted Release List without due process was properly dismissed. Placement on this List did not deprive Bowen of his liberty, privileges, or any other constitutionally protected liberty interest. See Sandin v. Conner, 515 U.S. 472, 483-84 (1995). To the extent that the complaint can be read as challenging the process by which Bowen was initially confined in Administrative Custody, it fails to allege the lack of a hearing, inadequate opportunity to be heard, or other procedural shortcoming that would implicate his due process rights.[1]

We agree with the District Court's analysis of Bowen's constitutional challenge to his confinement in Administrative custody. While twenty years in administrative custody is clearly an atypical and significant hardship sufficient to trigger the procedural protections of the Due Process Clause, implicating a liberty interest within the contemplation of the Fourteenth Amendment, the procedures provided by the Pennsylvania Department of Corrections satisfy the minimal constitutional standards for due process. See Shoats, 213 F.3d at 143-45. Bowen was afforded an initial opportunity

---

[1] While we do not disagree with the District Court's decision to treat parts of this claim as barred by the applicable statute of limitations, we instead follow the course taken in Shoats v. Horn, 213, F.3d 140, 145-46 (3d Cir. 2000), and address the due process claim on the merits.

to be heard upon confinement, and periodic review of his status.  See id. at 146-47.  Like the District Court, we reject appellant's conclusory allegations that the periodic reviews by the PRC were rote or meaningless.  The 2004 change in the review process neither made it meaningless, as the PRC retains the power to recommend release to an official with the power to order it, nor violated Pennsylvania's Commonwealth Documents Law. See Small v. Horn, 722 A.2d 664, 669-70 (Pa. 1998).  Appellant has not suggested that the denial of court-appointed counsel constituted an abuse of discretion.

Accordingly, we will affirm the judgment of the District Court.